This certifies that this is the opinion of the Appellate Division in this cause.

**Suzanne Hurley**
**Clerk, Appellate Division**

**CHRIS COVIELLO & SONS, INC.**
**vs.**
**Paul RICCARDI**[1]

**No. 8731**

District Court
Appellate Division/Northern District
Trial Court of the
Commonwealth of Massachusetts

**November 15, 1982**

---

[1]Individually, and as Trustee of Woodland Realty Trust, Rock Realty Trust, and Pinehill Realty Trust.

120

George A. Berman, Esq., counsel for plaintiff.
Elihu Pearlman, Esq., counsel for defendant.

## OPINION

**Jodrey, J.** This is an action in contract in which the plaintiff seeks to recover for certain goods and services allegedly provided by the plaintiff to the defendants in the sum of $6,895.00 and, in the alternative, in the sum of $6,895.00 on a quantum meruit claim.

The reported evidence may be summarized as follows:

In paragraph 1 of count 1 of the complaint, and in paragraph 5 of count 2 of the complaint, the plaintiff alleges that it is a Massachusetts corporation. The defendants neither admitted nor denied these allegations and called upon the plaintiff to prove the same.

The court found for the plaintiff against Paul Riccardi, individually, in the sum of $6,895.00, and further found for the defendants Paul Riccardi, Trustee of Woodland Realty Trust; Paul Riccardi, Trustee of Rock Realty Trust and Paul Riccardi, Trustee of Pinehill Realty Trust.

At the trial, one Roger W. Coviello testified without objection that he was employed by Chris Coviello and Sons, Incorporated; that he held the position of president and treasurer; that it was a small paving corporation; and that he engaged in the actual paving and performed office work for the company. There was no documentary evidence of the plaintiff's corporate status.

Mr. Coviello further testified that he had personal contact with the defendant, Paul Riccardi; that he had personally met with the defendant at the business site as well as the defendant's then home in Winchester; that he met with the defendant personally after submitting a proposed contract to him; and that the defendant was personally present as the work was performed.

The defendant introduced no evidence which contradicted this testimony or which suggested that the defendant is not the Paul Riccardi with whom the plaintiff did business. Nor did the defendant make any attempt to amend his answer in which he admitted he had been supplied goods and services by the plaintiff.

There was evidence that a Paul Riccardi, P.O. Box 225, Winchester, Massachusetts was the person billed for these goods and services, and that someone from the plaintiff dealt with a Paul Riccardi concerning the performance of certain work by the plaintiff. There was no other evidence identifying the defendant, Paul Riccardi.

At the close of the plaintiff's evidence and after the plaintiff rested, the defendant presented requests for rulings

of law. The only requests we need consider, and the trial judge's rulings thereon, are as follows:

"1. That there has been no evidence adduced at the trial that the defendant are the parties responsible to the plaintiff for alleged work done.
DENIED.

"6. That on all the evidence a finding for the defendants is required.
DENIED.

"7. That on all the evidence a finding for the defendant is warranted.
DENIED."

This appeal presents the question whether the denial of these requests constitutes error.

As to request number 1, there was sufficient evidence to warrant the trial judge in finding that the defendant, Paul Riccardi, was the same Paul Riccardi with whom the plaintiff dealt.

The trial judge was justified in denying request number 6. Rule 64(b) of the Dist./Mun. Cts. R. Civ. P. provides that no review as of right shall lie to the refusal of a request for a ruling "upon all the evidence" in a case admitting of specification of the grounds upon which such request is based unless such grounds are specified in the request, and then only the grounds so specified. Certainly such grounds would be "admitting of specification" in a request of this sort. **Duxbury** v. **Roberts,** 1982 Mass. App. Div. Rep. 46, 51.

In count 3 of his answer, the defendant admitted that he had been supplied goods and services by the plaintiff for paving in the vicinity of Dawes Avenue in Winchester. In any civil action, pleadings are not evidence on the trial, but the allegations are binding upon the party making them. G. L. c. 231, s. 87. As the report indicates, at no time did defendant move to amend his answer, nor did he offer any evidence on his behalf or appear personally at the trial. There was no cross-examination of plaintiff's witnesses. In short, defendant presented no evidence whatsoever and plaintiff's testimony was entirely uncontradicted. Plaintiff's evidence was sufficient to establish a **prima facie** case, and it is obvious that the trial judge believed it. Under the circumstances, we do not see how a finding for the defendant would be warranted. There was no error in the denial of request number 7.

Report dismissed.

**Elliott T. Cowdrey, P.J.**
**John P. Forte, J.**
**H. Lawrence Jodrey, J.**